**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| VEHICLE IP, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>WAL-MART STORES, INC.,<br>WAL-MART TRANSPORTATION, LLC, and<br>WERNER ENTERPRISES, INC.,<br><br>    Defendants. | Civil Case No._____<br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, Vehicle IP, LLC files this Complaint and demand for jury trial seeking relief for patent infringement by the Defendants.  Vehicle IP, LLC states and alleges the following:

**THE PARTIES**

1. Plaintiff Vehicle IP, LLC is a Delaware limited liability company, having its principal place of business at 5101 Wheelis Drive, Suite 100, Memphis, Tennessee 38117. Vehicle IP is wholly-owned by Vehicle Safety & Compliance, LLC ("VSAC") located in Memphis, Tennessee.  VSAC is a transportation technology company that invents, develops and sells products principally for commercial vehicles.

2. On information and belief, Defendant Wal-Mart Stores, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 702 SW 8th Street, Bentonville, Arkansas 72716.

3. On information and belief, Defendant Wal-Mart Transportation, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its

principal place of business located at 702 SW 8th Street, Bentonville, Arkansas 72716. Wal-Mart Transportation, LLC is a subsidiary of Wal-Mart Stores, Inc., and both companies are collectively referred to herein as the "Wal-Mart Defendants."

4. On information and belief, Defendant Werner Enterprises, Inc. ("Werner") is a corporation organized and existing under the laws of the state of Nebraska, with its principal place of business located at 14507 Frontier Road, Omaha, Nebraska 68138-3808.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over the Wal-Mart Defendants because both Defendants were organized and are existing under the laws of the State of Delaware; because they regularly conduct business in the State of Delaware and therefore have substantial and continuous contacts within this judicial district; because they have purposefully availed themselves to the privileges of conducting business in this judicial district; and/or because they each have committed acts of patent infringement in this judicial district.

7. This Court has personal jurisdiction over Werner because it regularly conducts business in the State of Delaware and therefore has substantial and continuous contacts within this judicial district; because it has purposefully availed itself to the privileges of conducting business in this judicial district; and/or because it has committed acts of patent infringement in this judicial district.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## COUNT I
### (Patent Infringement)

9. Vehicle IP restates and realleges the preceding paragraphs of this Complaint.

10. On December 2, 1997, United States Patent No. 5,694,322 ("the '322 patent") entitled "Method and Apparatus for Determining Tax of a Vehicle" was duly and legally issued by the United States Patent and Trademark Office.  Vehicle IP owns the '322 patent by assignment.  A true and correct copy of the '322 patent is attached as Exhibit A.

11. On October 19, 1999, United States Patent No. 5,970,481 ("the '481 patent") entitled "Method and Apparatus for Determining Tax of a Vehicle" was duly and legally issued by the United States Patent and Trademark Office.  Vehicle IP owns the '481 patent by assignment.  A true and correct copy of the '481 patent is attached as Exhibit B.

12. On information and belief, the Wal-Mart Defendants use a Qualcomm vehicle position tracking and communication system and a ProMiles software system that, in combination, are capable of practicing the '322 and '481 patents.  Based on publicly available information, Vehicle IP suspected that the Wal-Mart Defendants may have infringed the '322 and '481 patents.

13. Vehicle IP timely gave the Wal-Mart Defendants actual notice of the '322 and '481 patents as early as April 28, 2009, and from that date has sought information that would assist Vehicle IP in confirming whether the Wal-Mart Defendants' systems and methods for determining the fuel tax for their vehicles are within the lawful scope of one or more claims of the '322 and '481 patents.

14. For example, on April 28, 2009, counsel for Vehicle IP sent a letter to Jeffrey J. Gearhart, General Counsel for the Wal-Mart Defendants, requesting the Wal-Mart Defendants provide information sufficient to describe in detail the systems and methods used by them to

calculate the fuel tax for the vehicles in their fleet.  On May 14, 2009, outside counsel for the Wal-Mart Defendants responded to Vehicle IP's letter, stating their clients were investigating the matter and would contact Vehicle IP shortly.

15.     More than three months later, on August 26, 2009, Vehicle IP sent a follow-up letter to the Wal-Mart Defendants requesting an update on their investigation.  The Wal-Mart Defendants did not respond to Vehicle IP's request.

16.     After waiting more than one month with no response to its August 26, 2009 letter, Vehicle IP sent another follow-up letter on October 7, 2009, again inquiring about the status of the Wal-Mart Defendants' investigation and requesting a response by October 12, 2009.  Two days later, the Wal-Mart Defendants responded by apologizing for the delay and stating that they would respond to Vehicle IP's request shortly.

17.     After waiting nearly three weeks for a response, on October 26, 2009, Vehicle IP sent yet another letter to the Wal-Mart Defendants.  The October 26 letter sought answers to targeted questions regarding the Wal-Mart Defendants' systems and methods for fuel tax determination and requested the Wal-Mart Defendants let Vehicle IP know by October 30, 2009 whether they would provide the requested information and supply a date certain on which that information would be provided. On October 30, 2009, the Wal-Mart Defendants responded to Vehicle IP that they anticipated having the information within one week.  The Wal-Mart Defendants have never provided this information, or for that matter, further responded to Vehicle IP.

18.     Because the Wal-Mart Defendants have refused to respond to Vehicle IP's inquiries, Vehicle IP has not been able to further analyze the extent of the Wal-Mart Defendants' infringement.  Therefore, relying on the precedent established in *Hoffmann-La Roche Inc. v.*

*Invamed Inc.*, 213 F.3d 1359 (Fed. Cir. 2000) and on information and belief, Vehicle IP pleads that the Wal-Mart Defendants have made, used, sold, and offered for sale and are currently making, using, selling, and offering for sale a system and method for automatically determining the fuel tax of a vehicle, including, but not limited to, the Qualcomm vehicle position tracking and communication system in combination with the ProMiles software system (or systems that are materially similar). Through these activities, the Wal-Mart Defendants have been infringing, actively inducing others to infringe, and/or contributing to the infringement of the '322 and '481 patents.

19. On information and belief, the Wal-Mart Defendants have been and are infringing the '322 and '481 patents with knowledge of the patents, and thus the Wal-Mart Defendants' infringement is willful.

20. Defendant Werner has made, used, sold, and offered for sale and is currently making, using, selling, and offering for sale a system and method for automatically determining the fuel tax of a vehicle, including, but not limited to, a Qualcomm vehicle position tracking and communication system in combination with a software system. Through these activities, Defendant Werner has been infringing, actively inducing others to infringe, and/or contributing to the infringement of the '322 patent.

21. Defendant Werner was given notice of the '322 patent by Vehicle IP as early as January 16, 2009.

22. Defendant Werner has been and is infringing the '322 patent with knowledge of the patent, and thus Werner's infringement is willful.

23. On information and belief, the Wal-Mart Defendants will continue to infringe the '322 and '481 patents unless and until they are enjoined by this Court.

24. On information and belief, Werner will continue to infringe the '322 patent unless and until it is enjoined by this Court.

25. The Wal-Mart Defendants have caused and will continue to cause Vehicle IP irreparable injury and damage by infringing the '322 and '481 patents. Vehicle IP will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until 24 the Wal-Mart Defendants are enjoined from infringing the '322 and '481 patents.

26. Werner has caused and will continue to cause Vehicle IP irreparable injury and damage by infringing the '322 patent. Vehicle IP will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Werner is enjoined from infringing the '322.

## PRAYER FOR RELIEF

WHEREFORE, Vehicle IP respectfully requests that this Court:

(1) Enter judgment that the Wal-Mart Defendants have infringed the '322 and '481 patents;

(2) Enter judgment that Werner has infringed the '322 patent;

(3) Enter an order permanently enjoining the Wal-Mart Defendants and their officers, agents, employees, attorneys, and all persons in active concert or participation with any of them, from infringing the '322 and '481 patents;

(4) Enter an order permanently enjoining Werner and its officers, agents, employees, attorneys, and all persons in active concert or participation with any of them, from infringing the '322 patent;

(5) Award Vehicle IP damages in an amount sufficient to compensate it for the Wal-Mart Defendants' infringement of the '322 and '481 patents, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

(6)     Award Vehicle IP damages in an amount sufficient to compensate it for Werner's infringement of the '322 patent, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

(7)     Award Vehicle IP an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

(8)     Treble the damages awarded to Vehicle IP under 35 U.S.C. § 284 by reason of the Wal-Mart Defendants' willful infringement of the '322 and '481 patents;

(9)     Treble the damages awarded to Vehicle IP under 35 U.S.C. § 284 by reason of Werner's willful infringement of the '322 patent;

(10)    Declare this case to be "exceptional" under 35 U.S.C. § 285 and award Vehicle IP its attorney fees, expenses, and costs incurred in this action; and

(11)    Award Vehicle IP such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Vehicle IP demands a jury trial on all issues so triable.

Dated: June 8, 2010   **FISH & RICHARDSON P.C.**

By: */s/ Thomas L. Halkowski*
Thomas L. Halkowski (#4099)
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19899-1114
(302) 778-8407 Telephone
(302) 652-0607 Facsimile

Of Counsel:

Michael J. Kane
William R. Woodford
Jason M. Zucchi
3200 RBC Plaza
60 South Sixth Street
Minneapolis, MN 55402
(612) 335-5070 Telephone
(612) 288-9696 Facsimile

Attorneys for Plaintiff
VEHICLE IP, LLC