IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VEHICLE IP, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 10-503-SLR |
| ) | |
| WAL-MART STORES, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

At Wilmington this 22nd day of November 2010, having considered defendant Werner Enterprises, Inc's ("Werner"'s), and defendants Wal-Mart Stores, Inc. and Wal-Mart Transportation, LLC's (collectively "Wal-Mart"'s) motions to stay the present action pending the United States Patent and Trademark Office's ("PTO"'s) reexamination of all claims of the patents in suit[1] (D.I. 11, 29), and the papers submitted in connection therewith;

IT IS ORDERED that said motions are granted, for the reasons that follow:

1. **Background.** On June 9, 2010, plaintiff filled this action against Werner and Wal-Mart, claiming that Werner infringes the '322 patent, and Wal-Mart infringes the '322 and '481 patents. (D.I. 1) Prior to suit, on February 16, 2010, a non-party to this action filed an *ex parte* request for reexamination of the '322 and '481 patents on the grounds that all of their claims were obvious in light of the prior art. (D.I. 11 at 1) The PTO granted the request and, on August 27 and 28, 2010, issued two office actions that rejected each of the patents' claims as obvious in light of the prior art. (D.I. 30 at 5)

---

[1] U.S. Patent Nos. 5,694,322 ("the '322 patent") and 5,970,481 ("the '481 patent").

On July 1, 2010, Werner filed this motion to stay the case pending reexamination of the '322 patent. Wal-Mart's motion followed on September 15, 2010.

2. **Stay of litigation pending reexamination**. Motions to stay invoke the broad discretionary powers of the court. *Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 734 F. Supp. 656, 658 (D. Del. 1990) (citing *Bechtel Corp. v. Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976)). Three general factors inform the court in this regard:

> (1) whether the granting of a stay would cause the non-moving party to suffer undue prejudice from any delay or allow the moving party to gain a clear tactical advantage over the non-moving party; (2) whether a stay will simplify the issues for trial; and (3) whether discovery is complete and a trial date set.

*Enhanced Security Research, LLC v. Cisco Sys., Inc.*, Civ. No. 09-571, 2010 WL 2573925, at *3 (D. Del. June 25, 2010) (citing *St. Clair Intellectual Prop. Consultants v. Sony Corp.*, Civ. No. 01-557, 2003 WL 25283239, at *1 (D. Del. Jan. 30, 2003)).

3. This court has very recently iterated factors which bear upon whether "there is 'even a fair possibility' that the stay would work damage on another party" in the reexamination context. *See Belden Techs. Inc. v. Superior Essex Comm's LP*, Civ. No. 08-63, 2010 WL 3522327 (D. Del. Sept. 2, 2010) (citing *Dentsply Int'l*, 734 F. Supp. at 658 (internal citations omitted)). The court incorporates its prior discussion (in *Belden*) by reference and focuses here on the application of these factors to the motion at bar.

4. **Discussion of relevant factors**.

   a. **Status of litigation**.

This case is still in its infancy, and the record is relatively sparse. No discovery has been conducted, nor has a final scheduling order been issued. Unlike in *Belden*, defendant at bar has not moved for a stay on the eve of trial. Defendant Werner moved

for a stay within a month of commencement of this action, and Wal-Mart within three. Consequently, the timing of their motions weigh in favor of a stay.

      b. **Simplification**. At this stage of the litigation, there are multiple disputes related to the patents in suit. A disagreement remains as to infringement. In addition, the patents' validity have been challenged under 35 U.S.C. §§ 101, 102, 103, and 112. (D.I. 25 at 5) In contrast, the only ground for invalidity on reexamination is § 103. (*Id.*) Thus, the issues for trial do not completely overlap those that will be resolved upon reexamination. However, this is not a case where the PTO declined to review one or more of the asserted claims, nor is there an allegation of inequitable conduct. Both are scenarios that would strengthen the disfavor of a stay. *Oracle Corp. v. Parallel Networks, LLP*, Civ. No. 06-414, 2010 WL 3613851, at *2 (D. Del. Sept. 8, 2010) (finding that an allegation of inequitable conduct disfavors a stay). In the case at bar, there is a possibility that a substantial number of the claims may be modified or canceled by the PTO during the pendency of the case. If the PTO were to remove or modify claims, it would simplify issues pending before the court, since all of the issues are directly linked to the asserted claims. Because the issues left for trial do not completely overlap those that are to be resolved upon reexamination, yet each of the claims of the patents in suit are under reexamination, this factor neither favors nor disfavors a stay.

      c. **Prejudice**.

          (1) **Timing of the request for reexamination**. A non-party to this action filed the request for reexamination on February 16, 2010, four months before

3

plaintiff field suit. This factor weighs in favor of a stay.

(2) **Timing of the request for stay**. As noted above, defendants moved for a stay immediately upon commencement of this litigation. Accordingly, there is no inference that defendants seek an inappropriate tactical advantage through their present motions. This factor weighs in favor of a stay.

(3) **Status of reexamination proceedings**. As noted in the court's prior opinion, "reexamination is an arduous process fraught with the potential for multiple appeals." According to statistics published by the PTO, an *ex parte* reexamination conducted by the Central Reexamination Unit (or "CRU") has a historical average pendency of 25.4 months.[2] Here, the reexamination is just beginning, and could take years to complete. The PTO has only issued office actions that reject the claims of both patents, and the plaintiff still has an opportunity to respond. No final rejection has been issued, and there is no argument scheduled before the Board of Patent Appeals and Interferences. The status of the reexamination weighs against a stay.[3]

(4) **The relationship of the parties**. Of particular importance is the fact that plaintiff does not develop or sell any products of its own and is not a competitor of defendants. Courts are generally reluctant to stay proceedings where the

---

[2] See http://www.uspto.gov/patents/EP_quarterly_report_June_30_2010.pdf.

[3] Commentators have observed that *ex parte* reexamination appeals took anywhere from 79 to 739 days from BPAI docketing to decision in 2009, with an average of 234 days to decision. See http://reexamcenter.com/wp-content/uploads/2010/01/Appeals-from-the-Central-Reexamination-Unit2.pdf. It may take an additional fifteen (15) months to appeal a BPAI decision to the Federal Circuit. (*Id.* at pp. 20-21)

parties are direct competitors.[4]  Since the parties do not compete, this factor favors a stay.

5. **Conclusion**.  The status of the reexamination proceedings disfavors a stay, and the simplification of the issues at trial neither favors nor disfavors a stay.  However, the status of the litigation favors a stay, as do the remaining elements of prejudice.  While the facts in this case ultimately weigh in favor of a stay pending reexamination, it is the court's foremost obligation to see litigations through to trial in a timely and efficient manner.  If, after six months, the court is not satisfied that the reexamination is moving at a pace whereby reexamination will provide a resolution as promptly as would be otherwise achieved through this litigation, the court may lift the stay.

IT IS FURTHER ORDERED that on or before June 15, 2011, the parties shall file with the court a status report of the reexamination proceedings, when this decision shall be revisited.

_____
United States District Judge

---

[4] See Nidec Corp. v. LG Innotek, Co., 2009 WL 3673433, at * 4 (E.D. Tex. Apr. 3, 2009); and O2 Micro Int'l Ltd. v. Beyond Innovation, 2008 WL 4809093, at *2 (E.D. Tex. Oct. 29, 2008).