IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VEHICLE IP, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 10-503-SLR |
| ) | |
| WERNER ENTERPRISES, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

At Wilmington this 9th day of September, 2013, having considered motions to exclude certain expert testimony filed by plaintiff Vehicle IP, LLC ("VIP") and defendant Werner Enterprises, Inc. ("Werner");

IT IS ORDERED that VIP's motion to exclude Werner's invalidity contentions concerning the systems and methods that Werner used prior to the issue date of the '322 patent (the "pre-1995 system") and to preclude Werner's experts from asserting them at trial (D.I. 118) is granted; VIP's motion to exclude (D.I. 171) is denied; and Werner's motion to exclude (D.I. 169) is denied, as follows:

1. **Background.** VIP filed this patent infringement suit against Werner on June 9, 2010, alleging infringement of U.S. Patent No. 5,694,322 ("the '322 patent").[1] The '322 patent relates to a method and apparatus for determining taxes on vehicles traveling through taxing jurisdictions. With trial approaching, each party has moved to

---

[1] The original complaint also named Wal-Mart Stores, Inc. and Wal-Mart Transportation, LLC as defendants, but they have since licensed VIP's technology. (D.I. 76)

exclude certain expert testimony of the other party. (D.I. 169; D.I. 171) VIP has also moved to exclude Werner's allegedly new invalidity contentions regarding the pre-1995 system and to preclude Werner's experts from asserting them at trial (hereinafter, "VIP's motion to exclude Werner's invalidity theory regarding the pre-1995 system"). (D.I. 118) The parties have completed expert discovery, traded expert reports, and finished briefing summary judgment motions.

2. **Legal standards.** The court evaluates discovery issues in patent cases under Third Circuit law. *See Dow Chem. Co. v. Nova Chems. Corp.*, 2010 WL 2044931, at \*1 (D. Del. May 20, 2010). Pursuant to Federal Rule of Civil Procedure 26(a)(2)(D), parties must disclose expert testimony "at the times and in the sequence that the court orders." If a party "learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing," it must supplement or correct its disclosure. Fed. R. Civ. P. 26(e). "However, parties may not use their obligation to supplement as an excuse to violate the clear terms of a scheduling order, unilaterally buying themselves additional time to make disclosures, thereby unduly prejudicing other parties and potentially delaying the progress of a case." *Abbott Labs. v. Lupin Ltd.*, Civ. No. 09-152, 2011 WL 1897322, at \*3 (D. Del. May 19, 2011). When expert testimony is not timely disclosed, the court has the authority to exclude it from evidence. *See United States v. 68.94 Acres of Land*, 918 F.2d 389, 396 (3d Cir. 1990).

3. Exclusion of expert opinion and testimony may occur under Rules 37 or 16(f). Under Rule 16(f), the court may impose sanctions if, inter alia, a party or its attorney

2

"fails to obey a scheduling order or other pretrial order." Fed. R. Civ. P. 16(f). Under Rule 37(c)(1), a party that fails to comply with Rule 26(a) or (e) (regarding failure to disclose or supplement) "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Courts in the Third Circuit consider five factors when deciding whether to preclude evidence under Rule 37: (1) the prejudice to or surprise of the party against whom the evidence is offered; (2) the ability of that injured party to cure the prejudice; (3) the likelihood of disruption of trial; (4) the bad faith or willfulness involved in not complying with the disclosure rules; and (5) the importance of the evidence to the proffering party ("the *Meyers* factors"). *See Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997) (citing *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-05 (3d Cir. 1977)). "Courts must . . . be mindful that the 'exclusion of critical evidence is an "extreme" sanction, not normally to be imposed absent a showing of willful deception or "flagrant disregard" of a court order by the proponent of the evidence.'" *Tracinda Corp. v. DaimlerChrysler AG*, 362 F. Supp. 2d 487, 506 (D. Del. 2005) (citation omitted).

4. The Supreme Court in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 600 (1993), made clear that courts have to play a gatekeeping role with respect to experts. According to the Supreme Court, Rule 702 of the Federal Rules of Evidence[2]

---

[2]Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise, if (1)

3

is the primary locus of the gatekeeping role. Pursuant to Rule 702, a party can offer testimony of an expert witness at trial so long as the expert is qualified, the methodology the expert uses is reliable, and the opinion fits the facts of the case. *See Elcock v. Kmart Corp.*, 233 F.3d 734, 741 (3d Cir. 2000). A trial judge, then, is tasked with being a "'gatekeeper' to ensure that 'any and all expert testimony is not only relevant, but also reliable.'" *Pineda v. Ford Motor Co.*, 520 F.3d 237, 243 (3d Cir. 2008).

5. **VIP's motion to exclude Werner's invalidity theory regarding the pre-1995 system.** VIP argues that Werner violated a court order by adding an invalidity theory based on the pre-1995 system. At a status conference held October 11, 2012, the court ordered, *inter alia*, Werner to limit the number of prior art references or combinations per asserted claim. Werner had previously identified the accused system as an invalidating reference but, in its final invalidity contentions served on March 25, 2013, Werner removed the accused system as an alleged invalidity reference. On May 15, 2013, VIP received Werner's expert report, which was substantially devoted to the invalidity theory based on Werner's pre-1995 system.[3] VIP asserts that Werner's revival of its invalidity theory regarding the pre-1995 system constitutes a violation of

---

    the testimony is based upon sufficient facts or data, (2) the testimony is
    the product of reliable principles and methods, and (3) the witness has
    applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. § 702.

[3]Fact discovery closed on April 19, 2013, and expert discovery closed on July 15, 2013. (D.I. 90; D.I. 152)

the court's October 11, 2012 order and is "manifestly unfair and severely prejudic[ial]" because Werner's approach avoided discovery on its anticipation defense. (D.I. 119 at 2-3, 9-12) VIP further argues that Werner's untimely disclosure of this invalidity theory violated Federal Rule of Civil Procedure 26(e). (*Id.* at 3, 13-16)

6. Werner justifies its failure to identify the accused system as an anticipatory reference on grounds that it does not believe the accused system is a reference unless the accused system is found to infringe. (D.I. 132 at 7) Werner also avers that its invalidity theory in this regard is not new because it "simply" overlaps with VIP's theory as to how the accused system allegedly infringes the asserted claims and adds the assertion that the accused system was in place before the alleged priority date of the '322 patent. (*Id.* at 7-8) Furthermore, Werner contends that VIP cannot claim surprise or undue prejudice because the evidence that Werner relies on for its anticipation theory is the same as that solicited by VIP and used by VIP's experts for infringement. (*Id.* at 8)

7. The court finds that Werner's untimely assertion of its theory of invalidty based on the pre-1995 system was prejudicial to VIP. Even though the pre-1995 system's status as a prior art reference is contingent on a finding of infringement, Werner consciously disavowed this theory by removing it from its March 25, 2013 final invalidity contentions. VIP then completed discovery under the premise that Werner would not be asserting any theory of invalidity based on the pre-1995 system.

8. On March 25, 2013, the day that Werner served its final invalidity contentions on VIP, Werner also served its third supplemental answers to VIP's interrogatories. Werner points out that it responded to Interrogatory No. 2, which asked for Werner's

5

invalidity contentions, by stating:

> [F]rom at least 1994 until 2012, most of the trucks in the Werner fleet used Qualcomm OmniTRACS system, which relied on the Qualcomm Automatic Satellite Position Reporting . . . technology and not Global Positioning System . . . technology. This use was well before the earliest possible priority date for the '322 patent.

(D.I. 132, ex. 7 at 5-6) VIP subsequently sought testimony from Werner's Rule 30(b)(6) witnesses regarding the development and design of the accused system, the introduction or launch of the accused system, and all underlying assertions of invalidity contained in supplemental response to Interrogatory No. 2. (*Id.*, ex. 8) However, Werner's response to Interrogatory No. 2 only asserted that it had used certain components of the accused system before the priority date for the '322 patent. This was not coextensive with Werner's abandoned theory that all components and methods of the accused system were in use before the '322 patent's priority date. VIP, therefore, did not have a full opportunity for discovery.[4] The court will preclude evidence of Werner's invalidity theory regarding the pre-1995 system.

9. **VIP's motion to exclude testimony of Dr. Michalson**. VIP also moves to exclude the testimony of Dr. William Michalson ("Dr. Michalson") on the issue of whether Werner's pre-1995 system invalidates any of the asserted claims. (D.I. 171) Because the court has excluded Werner's invalidity theory

---

[4]The court also finds that Werner violated its duty to supplement under Rule 26(e). Werner's duty to supplement extended to "additional or corrective information [that] has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). Werner's final invalidity contentions, to the extent they were incomplete, needed to be supplemented.

regarding the pre-1995 system, VIP's motion to exclude related testimony by Dr. Michalson is moot.[5] To the extent there remains any material dispute regarding the date of conception of the claimed inventions (see id. at 17-18; D.I. 181 at 20 n.73), the court will resolve evidentiary disputes on that issue as necessary.

10. **Werner's motion to exclude testimony of Dr. Goldberg.** Werner requests that the court bar VIP's expert, Dr. Stephen Goldberg ("Dr. Goldberg"), from testifying on certain matters because his opinions are conclusory or speculative. (D.I. 169) First, Werner asserts that, if the court adopts VIP's proposed construction for the "automatically determin[e/ing]" limitation,[6] Dr. Goldberg should not be allowed to testify that Werner infringes the '322 patent because he cannot identify what is "initiated" or

---

[5]In any event, the court is not confident that there is sufficient independent corroborating evidence for Dr. Michalson's testimony regarding the functionality and use of the pre-1995 system. Werner maintains no documentation or source of the pre-1995 system. Rather, Dr. Michalson relied on the testimony of one of Werner's corporate witnesses, as well as a 1992 tax return, current source code files, and third-party user manuals for two software components to conclude that the accused system was "capable of use or actually in use" by 1995. (D.I. 173, ex. 2 at ¶¶ 177, 178, 182-97, 333, 335) Typically, where testimony comes from an interested witness, corroboration must be in the form of independent documentary evidence. See Lacks Indus, Inc. v. McKechnie Vehicles Components USA, Inc., 322 F.3d 1335, 1349-50 (Fed. Cir. 2003). At most, the third party manuals corroborate the pre-1995 functionality of only two pieces of software in the accused system. (See D.I. 181 at 17) The fact that the 1992 tax return form has the same columns and headings as Werner's current tax return (see id. at 15) does not reveal anything about the use or functionality of the pre-1995 system. Moreover, the current source code, even with its time stamps, is not independent evidence about the functionality or use of the pre-1995 system. See, e.g., Kenexa Brassring, Inc. v. Taleo Corp., 751 F. Supp. 2d 735, 760 (D. Del. 2010) ("While the source code undoubtedly shows the functionality of the . . . product, it is akin to an unwitnessed inventor's notebook. It is evidence, but it is not independent evidence.").

[6]At the time, VIP's proposed construction for "automatically determin[e/ing]" was "once initiated, the calculat[ion/ing] or comput[ation/ing] of the [tax/distance] is performed by a machine." (D.I. 110, ex. B)

7

when it is "initiated." (*Id.* at 7-11) Second, Werner asserts that Dr. Goldberg should not be allowed to testify that the Werner accused system possesses a "dispatch," as required by claim 1 of the '322 patent, because he has no knowledge of Werner's network architecture and because he cannot identify what parts of the accused system make up the dispatch. (*Id.* at 12-14) Third, Werner contends that Dr. Goldberg should not be permitted to testify that Werner has experienced approximately $9 million in annual savings from the accused technology because that opinion relates to the damages phase of trial, which has been bifurcated, and is wholly based on a website that Dr. Goldberg did not know existed prior to the litigation and that he used only at the urging of VIP's counsel. (*Id.* at 14-15) Fourth, Werner argues that Dr. Goldberg should be barred from testifying that Werner's pre-1995 system was different from the system that VIP accuses of infringement (the "accused system") because Dr. Goldberg offers no facts regarding how the systems differ. (*Id.* at 15-17)

    11. For the reasons explained in the memorandum opinion being issued contemporaneously, the court's construction does not use the term "once initiated." Therefore, Werner's request to bar Dr. Goldberg's testimony regarding the "automatically determin[e/ing]" limitation is denied as moot.

    12. Werner's requests to exclude other testimony of Dr. Goldberg are also denied. With respect to the accused "dispatch," Dr. Goldberg identified the relevant components of the alleged "dispatch" in his expert report and cited to documents and testimony provided by Werner. (D.I. 170, ex. 1 at ¶¶ 27-39; *see also id.*, ex. 1 at exs. C & D) The court has construed "dispatch" to mean "a computer-based system or other device for processing and communicating information received from the mobile unit,"

which does not require an identification of every single component that makes up the dispatch. Dr. Goldberg's failure to identify an exhaustive list of items that constitute the dispatch is not a basis to exclude his testimony. His testimony regarding cost savings of the accused technology is relevant to secondary considerations of commercial success for non-obviousness. Dr. Goldberg relied on industry publications, including those from XATA/XRSCorp and PC Miler, and fleet size information provided by Werner and Wal-Mart to calculate the estimated savings from using the accused technology. (D.I. 170, ex. 4 at ¶ 313; *id.*, ex. 4 at VIP-FT-0079813-15, VIP-FT-0079819-21; *see also* D.I. 117, ex. 19 at 10-11; D.I. 184, ex. 3 at 47-48) To the extent Werner disagrees with his estimation (e.g., Dr. Goldberg's ability to prove a nexus between the inventive technology and the savings), that topic is more appropriate for cross-examination. Finally, Dr. Goldberg's opinion that Werner's pre-1995 system is different from the accused system is moot since Werner's anticipation theory based on the pre-1995 system has been excluded by the court.

13. **Conclusion**. For the foregoing reasons, the court grants VIP's motion to exclude Werner's invalidity theory regarding the pre-1995 system (D.I. 118); denies VIP's motion to exclude (D.I. 171); and denies Werner's motion to exclude (D.I. 169).

*[signature]*
United States District Judge