IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VEHICLE IP, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 10-503-SLR |
| ) | |
| WERNER ENTERPRISES, INC., ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

At Wilmington this 20th day of September, 2013, having considered the parties' letters regarding whether defendant may contest plaintiff's infringement claims using arguments raised in defendant's June 14, 2013 expert report; and it being evident that defendant conducted fact discovery without the benefit of its expert's input, so that the non-infringement arguments in dispute were introduced for the first time through its expert without any of the underlying factual bases being vetted through fact discovery;[1]

IT IS ORDERED that:

1. Defendant's non-infringement arguments relating to the limitations in claim 1 (D.I. 204 at 1-2), having been proposed for the first time in Dr. Michalson's June 14, 2013 Rebuttal Report (*Id.* at ex. A, ¶ 206) and Dr. Michalson's September 16, 2013

---

[1]To argue ignorance of the court's fundamental trial process, as defendant does, is regrettable but not excusable. While expert discovery is part of the discovery process, it is the part where the experts opine on the facts vetted during fact discovery; the facts vetted during fact discovery are those identified as relevant to the parties' respective contentions. By not timely identifying its non-infringement contentions, defendant has turned the process on its head, to the detriment of both the court and the plaintiff.

Supplemental Report (D.I. 206, ex. B, ¶ 74), may not be raised at trial. More specifically:

      a. Dr. Michalson's contention that defendant's system performs a fleet-wide calculation to determine the tax, rather than a per-vehicle calculation as required by the claimed method (D.I. 204, ex. A, ¶ 206; *Id.* at ex. C), was not identified during fact discovery. (*See id.* at ex. B)

      b. Dr. Michalson's contention that "taxes are computed 'in response to' the end of a month (or the end of a Quarter)," rather than in response to distance traveled (D.I. 206, ex. B, ¶ 74), was not raised during claim construction and, therefore, is similarly waived.

2. Defendant's non-infringement arguments relating to the limitations in claims 7, 49, and 51 (D.I. 204 at 2-4), having been proposed for the first time in Dr. Michalson's June 14, 2013 Rebuttal Report (*Id.* at ex. A, ¶¶ 211-13, 215-20), and having not been raised in response to plaintiff's infringement contentions (D.I. 206, ex. C), may not be raised at trial. In this regard, while Dr. Michalson may critique Dr. Goldberg's expert opinion, Dr. Michalson may not offer an affirmative opinion of non-infringement, as he failed to do so in his initial expert report.

3. Defendant's positions relating to this court's claim construction, having been proposed in Dr. Michalson's Supplemental Report (*Id.* at ex. B) and being inconsistent with this court's claim construction order (D.I. 201), may not be raised at trial.

4. The court declines to allow any further papers to be filed regarding these topics.

5. Consistent with the court's prior discussion with the parties and its revised

preliminary jury instructions, no further reference to the re-examination proceedings is appropriate.

                                                      _____
                                                      United States District Judge