

Twelve Wyandotte Plaza, 120 W. 12th Street, Kansas City, MO, 64105 • 816.421.3355

September 13, 2013

Russell S. Jones, Jr.
(816) 374-0532
(816) 817-0198 Direct Fax
rjones@polsinelli.com

Honorable Sue L. Robinson
U.S. District Court, District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Room 4124, Unit 31
Wilmington, DE  198701-3568

    Re:   *Vehicle IP, LLC v. Werner Enterprises, Inc. No.*
           *C.A. No. 10-503 (SLR)*

Dear Judge Robinson:

      As discussed at the Final Pretrial Conference on September 9, 2013, Werner requests that the Court confirm that Werner may contest plaintiff VIP's infringement claims with respect to the following limitations in Claim 1 of the '322 patent: (1) "determining a tax for a vehicle;" and (2) "in response to . . .," because Werner properly disclosed its intent to challenge the presence of those limitations.

      Werner further asks that the Court confirm that Werner may contest VIP's failure to meet its burden of proof on any claim element remaining in the case, either through its expert Dr. William Michalson or otherwise.

      The non-infringement arguments that VIP claims were not properly disclosed and that are still in dispute following the Court's claim construction and summary judgment order are set forth below, along with citations to Dr. Michalson's report, relevant sections of which are contained in the attached Exhibit A.

**A.**     **Claim 1 Limitations**[1]

    1.    <u>"determining a tax for a/the vehicle"</u> (Michalson Rebuttal Report ¶ 206.)

---

[1] VIP also disputed Dr. Michalson's opinions on "distance." But given the Court's construction of "distance," the issue is moot.

polsinelli.com

Chicago    Dallas    Denver    Kansas City    Los Angeles    New York    Phoenix    St. Louis    Washington, DC    Wilmington
Polsinelli PC, Polsinelli LLP in California

46111776.1



Honorable Sue Robinson
September 13, 2013
Page 2

      Werner challenged *every* claim limitation within Claim 1. Werner specifically stated in Ex. A to its Third Supplemental Interrogatory Answers that that "Werner does not and cannot automatically determine the tax for the vehicle."[2] Then Dr. Michalson (a) fully disclosed his opinion on this issue in his report timely served on June 14, 2013 (Rebuttal Report, ¶206), and (b) was deposed on this issue at length during his deposition on July 15, 2013.[3] Werner's position that this limitation is not in Werner's accused system was disclosed.

      2.      <u>"in response to . . ." (Michalson Rebuttal Report ¶¶ 199, 207-08)</u>

      VIP's complaint here about what Dr. Michalson said in June is largely moot given the Court's September 9, 2013 Order, in which the Court has construed "in response to…," thus making what Dr. Michalson (and Dr. Goldberg) had opined about this limitation out of date. *Both* parties reserved, in their discovery responses and expert reports, the right to change or modify positions or opinions based on new or different claim constructions.[4] And both parties have agreed that supplemental reports on this issue are necessary. Thus, both Dr. Michalson and VIP's expert will issue new reports on this limitation and all of their previous positions are moot. Because this claim limitation was not construed until this week, Werner should not be precluded from proving – through testimony of fact or expert witnesses – that this limitation is not met.

      **B.**      **Limitations in Claims 7, 49, and 51.**

      VIP contests the non-infringement opinions raised by Dr. Michalson for Claims 7, 49, & 51 as follows:

<u>Claim 7</u>: Any argument that the limitations of Claim 7 are not present, including:

---

[2] *See* Exhibit B.

[3] In fact, VIP questioned Dr. Michalson on this issue for approximately 20 pages of his deposition. *See* Exhibit C.

[4] In its third supplemental responses to Interrogatory No. 1, Werner offered several objections, which VIP did not contest, and further stated that its "investigation is continuing and Werner reserves all rights to supplement this answer, including *following the Court's construction of claim terms* and *expert discovery*." (Emphasis added).



Honorable Sue Robinson
September 13, 2013
Page 3

- "at a programmable interval of time" (Michalson Rebuttal Report ¶¶ 210-13.)

Claim 49:  Any argument that the limitations of Claim 49 are not present, including:

- "associate a first plurality of position fixes with a first, single predetermined vehicle position and associate a second plurality of position fixes with a second, single predetermined vehicle position, where the first and second predetermined vehicle positions are distinct" (Michalson Rebuttal Report ¶ 215.)

Claim 51:  Any argument that the limitations of Claim 51 are not present, including:

- "the geographic information defines a map having a plurality of cells, each of the plurality of cells being associated with one of the predetermined vehicle positions" (Michalson Rebuttal Report ¶ 216.)

- "to associate a first plurality of position fixes with a first, single predetermined vehicle position and associate a second plurality of position fixes with a second, single predetermined vehicle position" (Michalson Rebuttal Report ¶ 217.)

- "associate the first plurality of position fixes with one or more cells that are associated with the first, single predetermined vehicle position" (Michalson Rebuttal Report ¶ 218.)

- "associate the second plurality of position fixes with one or more cells that are associated with the second, single predetermined vehicle position" (Michalson Rebuttal Report ¶¶ 219-20.)

  VIP misconstrues Dr. Michalson's opinions on these limitations.  Dr. Michalson <u>does not</u> affirmatively opine that these limitations are not present in Werner's system.  Dr. Michalson has simply responded to Dr. Goldberg's conclusory opinions, in which Dr. Goldberg stated that the limitations are present but provided no evidence or factual support for his statements.  In other words, what Dr. Michalson has done is simply review what Dr. Goldberg has opined and pronounced it conclusory and insufficient to prove the facts asserted.  He has not offered a new non-infringement theory.



Honorable Sue Robinson
September 13, 2013
Page 4

But even if it is somehow improper for Dr. Michalson to offer this testimony, there is no justification for preventing Werner from contesting Dr. Goldberg's testimony, through cross-examination,[5] affirmative proof from fact witnesses, or both.[6]

### C. Werner's Duty to Supplement

Rule 26(e)(1)(A) requires that a party "timely supplement a discovery response" if "the party learns that in some material respect the disclosure is incomplete or incorrect, and the additional or corrective information has not otherwise been made known to the other parties *during the discovery process or in writing.*"  (Italics added).  Werner's counsel did not learn that the earlier interrogatories were arguably incomplete until Dr. Michalson delivered his report, so no duty to supplement could have arisen until then.  And counsel believed in good faith that Dr. Michalson's timely-served (and, of course, written) report was part of "the discovery process," such that providing his opinions in the report obviated the need for formal supplementation under Rule 26(a)(1)(A).

The facts do not justify the draconian penalty of complete preclusion.  Rule 37(c) prohibits preclusion where "the failure [to provide information] was substantially justified or is harmless."  Both are present here.  Counsel's belief that Dr. Michalson's report was part of the discovery process was substantially justified.  VIP has had full notice of Dr. Michalson's views on the limitations in claims 7 and 51 since June 14, 2013, and deposed him at length on those views on a date of VIP's choosing, thus rendering any technical failure harmless.[7]

---

[5] The Advisory Committee Notes to the 1993 Amendments to Rule 37(c) plainly state that "[a]s disclosure of evidence offered only for impeachment purposes is not required under these rules, this preclusion sanction likewise does not apply to that evidence."

[6] VIP's position here has changed since it first raised this issue on July 18, 2013.  At that time, VIP suggested that it objected to Werner's expert, Dr. Michalson, offering opinions on non-infringement issues that either required him to – in VIP's view—construe claims, or which had not been included in Werner's non-infringement charts.  In the letter briefing, VIP expanded its request and sought to prevent Werner *in any manner* from contesting that the limitations that appeared only in claims 7 and 51 existed in Werner's system.

[7] And despite VIP's claims of prejudice, it has yet to identify anything it would have done differently had Werner formally supplemented its interrogatory answers.  VIP has not



Honorable Sue Robinson
September 13, 2013
Page 5

      For these reasons, as well as those stated at the Pretrial Conference, Werner asks that the Court confirm it may contest all limitations in Claim 1, and at the very least allow Werner to establish through affirmative fact evidence and cross-examination of Dr. Goldberg the lack of evidence supporting VIP's claims that the limitations separately appearing in claims 7, 49 and 51 are met.

      Very truly yours,

      s/ *Russell S. Jones, Jr.*
      Russell S. Jones, Jr.

RSJ:bll

cc: Counsel of Record via ECF notification

---

identified any different claims it would have chosen to pursue, nor any witness it would have wanted to depose or re-depose in order to address these few limitations.

46111776.1